Filed 4/27/21  P. v. Campos CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DAVID CAMPOS,<br><br>        Defendant and Appellant. | B306206<br><br>(Los Angeles County<br>Super. Ct. No. KA099394) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David C. Brougham, Judge.  Appeal dismissed.

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2015, a jury found 21-year-old David Campos guilty of assault with a deadly weapon on his 23-year-old brother, Roque[1] (Pen. Code, § 245, subd. (a)(1);[2] count 1), assault with a deadly weapon on Roque's girlfriend, Lizbeth Gonzalez (count 2), battery on Roque (§ 243, subd. (d); count 3), attempted murder of Roque (§§ 187, subd. (a), 664; count 4), and attempted murder of Gonzalez (count 5). As to all counts, the jury found true the allegation that Campos inflicted great bodily injury on the victims. (§ 12022.7, subd. (a).) As to counts 3-5, the jury found true the allegation that Campos used a deadly and dangerous weapon (a knife) in the commission of the offense. (§ 12022, subd. (b)(1).) Finally, the jury found true the allegation that Campos committed the attempted murder of Gonzalez willfully, deliberately and with premeditation. The evidence presented at trial established that in 2012, in an unprovoked attack, Campos stabbed Roque and Gonzalez at the family home where Campos, Roque, their parents, and another sibling lived.[3]

Campos presented an insanity defense. He waived his right to jury trial in the sanity phase of the trial. The only evidence presented were written reports prepared by two

[1] Because the brothers share the same surname, and to avoid confusion, we refer to appellant David Campos as Campos," and we refer to his brother, Roque Campos, Jr., as "Roque."

[2] Undesignated statutory references are to the Penal Code.

[3] The circumstances of the stabbings are set forth more fully in our opinion in Campos's direct appeal of his convictions. (*People v. Campos* (Jan. 12, 2017, B262258) [nonpub. opn.], pp. 3-6.)

2

psychiatrists who both concluded Campos was not legally insane at the time of the stabbings. The trial court found Campos was legally sane at the time he committed the offenses and sentenced him to life plus 15 years in prison. (*People v. Campos*, *supra*, B262258, pp. 7, 9-10.)

In Campos's direct appeal of his convictions, we affirmed the judgment. (*People v. Campos*, *supra*, B262258, p. 18.) Campos filed a petition for a writ of habeas corpus in this court, contending his trial counsel rendered ineffective assistance by failing to investigate and present evidence at trial supporting a diminished actuality defense. He asserted there was a reasonable probability the jury would have found him not guilty of the attempted murders if his counsel had presented evidence tending to show he actually did not form the specific mental states for the attempted murders. We issued an order to show cause and granted the petition, reversing the attempted murder convictions (counts 4 & 5), vacating Campos's sentence, and remanding the matter for retrial on counts 4 and 5 and/or resentencing. (*In re Campos* (June 14, 2017, B270209) [nonpub. opn.], pp. 2, 22.)

Upon remand, the prosecution opted to retry the attempted murder counts. Campos filed various motions, including a motion to suppress evidence under section 1538.5. While the motion to suppress was pending, the parties reached a plea deal.

On March 23, 2020, Campos waived his constitutional rights and pleaded no contest to the attempted murder of Roque (count 4) and admitted the personal use of a knife (§ 12022, subd. (b)(1)) and great bodily injury (§ 12022.7, subd. (a)) enhancements as to that count. On the prosecution's motion, the trial court dismissed count 5 (the attempted murder of Gonzalez).

3

Pursuant to the parties' plea agreement, on April 21, 2020, the trial court sentenced Campos to 13 years in state prison: the upper term of nine years for the attempted murder, plus three years for the great bodily injury enhancement and one year for the deadly and dangerous weapon enhancement. The court stayed the terms imposed on counts 1-3.

Campos filed a timely notice of appeal, and this court appointed counsel for him. After examination of the record, counsel filed an opening brief raising no issues and asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). On February 17, 2021, we sent a letter to Campos and his appointed counsel, advising Campos that within 30 days he could personally submit any contentions or issues he wanted us to consider, and directing counsel to send the record and opening brief to Campos immediately. Campos has not filed a supplemental brief.

We have examined the entire record and are satisfied that Campos's counsel has complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende, supra,* 25 Cal.3d at p. 441.) Campos's no contest plea and failure to obtain a certificate of probable cause limit the potential scope of his appeal to "[g]rounds that arose after entry of the plea and do not affect the plea's validity" or "[t]he denial of a motion to suppress evidence under Penal Code section 1538.5." (Cal. Rules of Court, rule 8.304(b); see § 1237.5.) The record does not demonstrate the existence of any such issue. As set forth above, the trial court had not heard Campos's motion to suppress evidence under section 1538.5 at the time Campos entered his no contest plea.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED

                                        CHANEY, J.

We concur:


ROTHSCHILD, P. J.


FEDERMAN, J.*

---

*\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.*